UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 23-270** |
| **ALSKIIN MILLICAN** | **SECTION: "E" (5)** |

## ORDER AND REASONS

Before the Court is Defendant Alskiin Millican's appeal of the December 15, 2023, order of detention pending trial (the "order")[1] by Magistrate Judge Janis van Meerveld. Because the Court finds that Judge van Meerveld did not err in ordering Mr. Millican detained pending trial, the order is **AFFIRMED**.[2]

## BACKGROUND

On December 8, 2023, Mr. Millican was charged by a federal grand jury with one count of conspiracy to distribute and possess with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, and one count of distribution of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).[3]

On December 15, 2023, at Mr. Millican's detention hearing, Judge van Meerveld ordered him detained pending trial because Mr. Millican poses a risk of flight, may be a danger to the community, and he failed to overcome the presumption in favor of detention. Importantly, Judge van Meerveld wrote that there was "[p]robable cause" that Mr. Millican committed the instance offense "by virtue of [the] indictment."[4]

---

[1] R. Doc. 30.
[2] Mr. Millican is not entitled to have his detention hearing reopened upon this appeal, as no "information exists that was not known to [Mr. Millican] at the time of the [prior] hearing." 18 U.S.C. § 3142(f).
[3] R. Doc. 1.
[4] *Id.* at p. 3.

1

On December 20, 2023, Mr. Millican filed an appeal of the order[5] and a motion seeking this Court's expedited consideration of the appeal.[6] In sum, Mr. Millican's appeal argues that Judge van Meerveld's order of detention was based on insufficient evidence of Mr. Millican's danger to the community and flight risk. Mr. Millican argues that Judge van Meerveld did not enter adequate findings to support her order.[7]

The Court granted Mr. Millican's motion for expedited consideration and ordered the government to file a memorandum in response to Mr. Millican's appeal.[8] The government's response was filed January 3, 2024.[9] The government argues that because Mr. Millican was indicted for a controlled substance offense, the law supports a presumption of detention pending trial that Mr. Millican did not rebut.[10]

## LAW AND ANALYSIS

By statute, a defendant is presumed to be a danger to the community and a flight risk "if the judicial officer finds that there is probable cause to believe" the defendant committed a controlled substance offense.[11] This finding of probable cause does not need to be made during the defendant's detention hearing. For example, as in this case, a grand jury's indictment on certain controlled substance offenses establishes the probable cause to believe the defendant committed the offense, triggering the presumption in favor of pretrial detention.[12] In other words, the grand jury's indictment "conclusively

---

[5] R. Doc. 32.
[6] R. Doc. 33.
[7] *See generally* R. Doc. 32.
[8] R. Doc. 38.
[9] R. Doc. 44.
[10] *See generally id.*
[11] 18 U.S.C. § 3142(e)(3).
[12] *See United States v. Trosper*, 809 F.2d 1107, 1110 (5th Cir. 1987) ("[T]he presumption against pretrial release arises when" the defendant is "indict[ed] under the Controlled Substances Act."); *see also, e.g., United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986) (same); *United States v. Dominguez*, 783 F.2d 702, 706 n.7 (7th Cir. 1986) (same); *United States v. Hurtado*, 779 F.2d 1467, 1478–79 (11th Cir. 1985) (same).

demonstrates that probable cause exists to implicate a defendant in a crime."[13] Once this presumption is made against the defendant, the burden to produce rebuttal evidence shifts to him, though the ultimate burden of persuasion rests with the government. If a defendant does not produce rebuttal evidence, however, the presumption remains unchallenged, and becomes the finding upon which the judicial officer may enter an order for pretrial detention.[14]

In this case, Mr. Millican is subject to the presumption in favor of pretrial detention because of the underlying controlled substance offenses in the indictment.[15] While he "argued that there were mitigating factor favoring" pretrial bond,[16] he did not present any *evidence* of those mitigating factors at the detention hearing. Upon the application of the presumption against him, it was his burden to produce rebuttal evidence, and he did not. Contrary to what Mr. Millican argues in this appeal, the government did not need to offer its own evidence, because the presumption was applied to Mr. Millican, and the burden to produce rebuttal evidence was his.

Judge van Meerveld's order for pretrial detention was not improper. The factors considered by judicial officers when considering whether a defendant should be detained pretrial include: (1) the nature and circumstances of the offense charged, and in particular, whether it involves a controlled substance; (2) the weight of evidence against the defendant; (3) the history and characteristics of the defendant, including his financial resources and criminal history; and (4) the nature and seriousness of the danger to any

---

[13] *Suppa*, 799 F.2d at 118.
[14] *See United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989)
[15] For example, Mr. Millican is charged with distribution of fentanyl, a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Section 841(b)(1)(B), providing a maximum term of imprisonment of 40 years, is "an offense for which a maximum term of imprisonment of ten years of more is prescribed in the Controlled Substances Act." Accordingly, the presumption described in 18 U.S.C. § 3142(e)(3) was applied to Mr. Millican.
[16] R. Doc. 32 at p. 2.

3

person or the community that would be posed by the person's release.[17] Having been offered no rebuttal evidence, Judge van Meerveld was correct to find, on the basis of the presumption and the facts underlying the indictment, that Mr. Millican was a flight risk and danger to the community. The order of detention also makes clear that Judge van Meerveld considered the dangerous nature of fentanyl, which Mr. Millican is accused of distributing, and the large number of fentanyl pills involved (1,000); his prior criminal history; and the fact that Mr. Millican is alleged to have distributed controlled substances while living at home with his parents, whom he proposed as his third-party custodians. On these facts, Judge van Meerveld ordered that Mr. Millican be detained pending trial.

## CONCLUSION

Because of the nature of the alleged offenses, it is presumed that Mr. Millican should be detained pending trial. He did not rebut the presumption that he is a flight risk and danger to the community. Judge van Meerveld's order was supported by sufficient evidence. Accordingly;

The Order of Detention issued by Magistrate Judge van Meerveld is **AFFIRMED.** Alskiin Millican is ordered detained pending trial.

**New Orleans, Louisiana, this 11th day of January, 2024.**

                    *Susie Morgan*
               **SUSIE MORGAN**
       **UNITED STATES DISTRICT JUDGE**

---

[17] 18 U.S.C. § 3142(g).